CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
6/1/2020
JULIA C. DUDLEY, CLERK
BY: LOTTIE LUNSFORD
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Abingdon Division)

| | |
|---|---|
| TERRY B. BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20CV00023 |
| | ) |
| K-VA-T FOOD STORES, INC | ) |
| | ) |
| Serve: Northwest Registered Agent LLC | ) |
| 4445 Corporation Lane, Suite 264 | ) |
| Virginia Beach, VA 23462 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, JOSHUA MULLINS ("Mullins" or "plaintiff"), and for his Complaint states as follows:

1. This action arises under federal law, particularly the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 USCA Section 621, *et seq*, jurisdiction being conferred therein; and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 USC Section 2000e, *et seq*., jurisdiction being conferred therein.

2. Plaintiff is a resident and domiciliary of Washington County, VA.

3. Defendant's corporate offices and principal place of business are in Washington County, VA.

4. The unlawful employment practices and all acts alleged herein were committed at one or more of defendant's facilities in Washington County, VA.

1

5. Defendant has more than 500 employees.

6. Plaintiff filed his charge with the EEOC on or about July 26, 2019, and received his right-to-sue letter on or about March 13, 2020. (*Exhibit*).

7. Plaintiff, age 52, was hired by defendant on or about July 30, 1992. His position was Perishable Warehouse Manager, and his annual income was $69,212.00

8. Plaintiff was terminated on May 24, 2019.

9. Defendant replaced plaintiff with Jason Parks ("Parks"), who is approximately 40 years of age.

10. Plaintiff's job abilities, experience and performance exceed, or at least are equal to, those of Parks.

11. All of plaintiff's performance evaluations were excellent. None of them, over 26 years indicated plaintiff "needed improvement".

12. On August 14, 2018, plaintiff received his one and only write-up in 26 years, for "poor culture," because he had reported an employee for sexual harassment. Prior to this, plaintiff had never even received an oral reprimand.

13. Subsequent to reporting this employee, despite never before having been called in to the office for discipline in 26 years, plaintiff was summoned to the office at least six (6) times.

14. On May 10, 2019, plaintiff went on vacation to attend his daughter's softball tournament. Michael Thomas ("Thomas"), Supervisor, was assigned to perform plaintiff's duties while he was out.

15. Upon plaintiff's return from vacation, he learned Thomas had allowed numerous

employees to falsify their time records and even falsified his own

16. Prior to plaintiff's termination, no supervisor or manager had ever been disciplined for the acts of a subordinate, although there were many, many violations by subordinates committed. These included, but were not limited to, having sex on the job, theft, pilferage by employees, etc.

17. Thomas, who had himself falsified his own time records, and allowed many other employees to falsify theirs, was issued a "Final Written Warning" but was not terminated, after plaintiff had been terminated.

18. Plaintiff was terminated because he reported an employee for sexual harassment as set forth above and because of his age (52) and was replaced with a 40-year-old with far less experience and credentials.

19. The above actions constitute violations of both Title VII and ADEA and entitle plaintiff to damages.

20. Plaintiff has suffered severe economic loss and emotional distress as the direct and proximate result of defendant's illegal conduct.

21. Defendant's discrimination against plaintiff, both under Title VII and ADEA, was intentional, willful and wanton, and with full knowledge that its acts were in direct violation of the applicable laws against said discrimination.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. Compensatory damages of Three Hundred Thousand Dollars ($300,000.00) for violation of Title VII;

2. Compensatory damages of Three Hundred Thousand Dollars ($300.000.00) for

        violation of ADEA;

3.    Punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00) for violation of Title VII;

4.    Liquidated damages in the amount of Three Hundred Thousand Dollars ($300.000.00) for violation of ADEA;

5.    Plaintiff's attorney's fees and costs; and

6.    Such other and different relief as may be deemed appropriate under the circumstances of this case, including, but not limited to, reinstatement.

                      TERRY B. BOYD

                      By      S/ Hilary K. Johnson

Hilary K. Johnson, P.C.
316 Valley Street NW
Abingdon, Virginia 24210
(276) 619-3740
fax - (276) 619-3742
hilary.jhnsn@gmail.com
VSB No. 20345

**A JURY TRIAL IS DEMANDED IN THIS MATTER**